# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |  |
|---|---|---|
| GEORGIA STATE CONFERENCE OF THE NAACP, et al., | * * * | |
| Plaintiffs, | * * | |
| v. | * * | 1:24-CV-04546-ELR |
| BRIAN KEMP, Governor of the State of Georgia, in his official capacity, et al., | * * * | |
| Defendants. | * * | |

# O R D E R

On October 7, 2024, Plaintiffs Georgia State Conference of the NAACP, Georgia Coalition for the People's Agenda, Inc., and New Georgia Project, Inc. initiated the instant matter against Defendants Brian Kemp, Governor of the State of Georgia, in his official capacity, and Brad Raffensperger, Secretary of State of Georgia, in his official capacity.  See Compl. [Doc. 1].  That same day, Plaintiffs filed an "Emergency Motion for a Temporary Restraining Order."  [Doc. 2].  Upon review, the Court **SCHEDULES** a hearing on Plaintiffs' motion for **October 9, 2024, at 3:45 p.m.**, in Courtroom 1708, United States Courthouse, 75 Ted Turner Drive, S.W., Atlanta, GA, 30303.  The Court will only hear oral argument from

counsel at the hearing.  During the hearing, the Court will allocate thirty (30) minutes of oral argument per side.[1]

**SO ORDERED**, this 8th day of October, 2024.

                                                           */s/ Eleanor L. Ross*
                                                           Eleanor L. Ross
                                                           United States District Judge
                                                           Northern District of Georgia

---

[1] The Court observes that Plaintiffs request a temporary restraining order ("TRO"), and thus, appear to request *ex parte* injunctive relief. [See Doc. 2]; see also Consistent Funding LLC v. S. Fla. Constr. of Naples, Inc., No. 21-CV-22797, 2021 WL 3371902, at *1 (S.D. Fla. Aug. 3, 2021) ("The primary difference between the entry of a temporary restraining order [TRO] and a preliminary injunction is that a temporary restraining order may be entered before the defendant has an adequate opportunity to respond, even if notice has been provided."); Fed. R. Civ. P. 65(a)–(b). Federal Rule of Civil Procedure 65 permits a court to issue a TRO without notice to the adverse party "only if" (1) the movant provides specific facts that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Plaintiffs' motion does not include any written certification of Plaintiffs' efforts to notify Defendants of Plaintiffs' request for a TRO. [See generally Doc. 2]; see also Fed. R. Civ. P. 65(b)(1)(B). Accordingly, it appears Plaintiffs' motion fails to meet the requirements set forth in Federal Rule of Civil Procedure 65(b)(1), see Woodard-CM, LLC v. Sunlord Leisure Prod., Inc., No. 20-23104-CIV, 2020 WL 5547917, at *1 (S.D. Fla. July 29, 2020) (collecting cases denying TRO motions for failure to comply with Rule 65(b)(1)); nevertheless, the Court will hear Plaintiffs and any other appearing Parties on the issue at the hearing.