## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

GEORGIA STATE CONFERENCE OF
THE NAACP; GEORGIA COALITION
FOR THE PEOPLE'S AGENDA, INC.;
and NEW GEORGIA PROJECT, INC.,

        Plaintiffs,

    v.

BRIAN KEMP, Governor of the State of
Georgia, in his official capacity, and
BRAD RAFFENSPERGER, Secretary of
State of Georgia, in his official capacity,

        Defendants.

Civil Action No. 1:24-cv-04546-
ELR

---

## PLAINTIFFS' RESPONSE IN OPPOSITION TO PARTY ORGANIZATIONS' ABBREVIATED MOTION TO INTERVENE

    Plaintiffs submit this brief response to the "abbreviated" motion to intervene filed late last night by the Republican National Committee and Georgia Republican Party, Inc. (collectively, "Party Organizations"). *See* ECF No. 17. As the Party Organizations "intend to file a brief in support of intervention and a responsive pleading as required by Rule 24," Plaintiffs reserve their right to file a fulsome opposition to that proposed motion on a timeline set by the Court. In the meantime, at this stage, Party Organizations' motion must be denied because it is procedurally defective for failing to include a responsive pleading as required under Fed. R. Civ. P. 24(c). Even if it was not procedurally defective, it should be denied on the merits

because Party Organizations cannot make the showing necessary for either mandatory or permissive intervention.

To intervene as of right, the non-party bears the burden to satisfy each of four elements: (1) it must file a timely application; (2) it must have a cognizable "interest relating to the property or transaction which is the subject of the action"; (3) it must be "so situated that disposition of the action, as a practical matter, may impede or impair [its] ability to protect that interest"; and (4) its interests must be "represented inadequately by the existing parties to the suit." *Stone v. First Union Corp.*, 371 F.3d 1305, 1308–09 (11th Cir. 2004) (citing Fed. R. Civ. P. 24(a)).

Party Organizations cannot carry their burden to establish these elements. They cannot identify a "direct, substantial, [and] legally protectable" cognizable interest in opposing Plaintiffs' requested relief, which is an extension of Georgia's voter registration deadline in light of the widespread destruction and disruption caused by Hurricane Helene. *Huff v. Comm'r*, 743 F.3d 790, 796 (11th Cir. 2014) (quote omitted). Plaintiffs are non-partisan, non-profit organizations in Georgia that share a commitment to protecting the right to vote. They bring this emergency litigation to safeguard the fundamental right to vote for *all* eligible, prospective Georgia voters. They seek statewide relief because of Hurricane Helene's statewide impact. They do not seek to advantage any particular community, constituency, or group. And they do not seek to force the State to register any voters who are not

2

otherwise qualified to vote. Alleviating the effects of a catastrophic weather event on voter participation is not a partisan issue.

Proposed Intervenors' asserted argument for intervention is an interest in "the laws and rules governing Georgia's elections" is a vague and generalized interest that is legally insufficient to support intervention, and one that is also inapplicable in this case. ECF No. 17 at 2. Plaintiffs are not "challenging Georgia's election laws." *Id*. Nor are they challenging the application of those laws to any particular group. Plaintiffs are not challenging the termination of particular voters from voter rolls under state law, *see Black Voters Matter Fund v. Raffensperger*, Doc. 42, No. 1:20-cv-4869 (N.D. Ga. Dec. 9, 2020), and they are not seeking to disrupt the ability of some voters to cast ballots in one particular manner, *see Wood v. Raffensperger*, Doc. 14, No. 1:20-cv-5155 (N.D. Ga. Dec. 28, 2020). Instead, this lawsuit is seeking to re-open the voter registration deadline statewide because a natural disaster prevented would-be eligible voters from registering to vote.

Indeed, the Party Organizations' examples of successful intervention attempts underscore why intervention is inappropriate in this case. Five of the eight cases cited in Party Organizations' motion as examples of success in supposedly similar intervention efforts, *see* ECF No. 17 at 2 fn.1, were part of a consolidated action before one judge challenging Georgia's SB 202, a sprawling amendment to Georgia's election code that included, among other things, restrictions on drop

boxes, voter ID rules, and line-relief rules. *See Asian Ams. Advancing Justice-Atlanta v. Kemp*, Doc. 38, No. 1:21-cv-1284 (N.D. Ga. June 4, 2021); *Sixth Dist. of the African Methodist Episcopal Church v. Kemp*, Minute Order, No. 1:21-cv-1284 (N.D. Ga. June 4, 2021); *Concerned Black Clergy of Metro. Atlanta v. Raffensperger*, Minute Order, No. 1:21-cv-1728 (N.D. Ga. June 21, 2021); *Coal. for Good Governance v. Raffensperger*, Minute Order, No. 1:21-cv-2070 (N.D. Ga. June 21, 2021); *United States v. Georgia*, Minute Order, No. 1:21-cv-2575 (N.D. Ga. July 12, 2021); *see also Vote Am. v. Raffensperger*, Doc. 50, No. 1:21-cv-1390 (N.D. Ga. June 4, 2021 (challenging SB 202 restrictions and prohibitions on the distribution of absentee applications by third-party organizations; *Int'l All. of Theater Stage Emps. Local 927 v. Lindsey*, Doc. 84, No. 1:23-cv-4929 (N.D. Ga. May 3, 2024) (challenging SB 202 absentee ballot request deadline, which concerns already registered voters). This is not a direct challenge to Georgia's election code. This emergency case seeking to give all eligible Georgians the opportunity to register to vote in light of a catastrophic weather event, without any permanent change to Georgia's election rules.

For these same reasons, Party Organizations cannot show how an adverse outcome in this litigation may or might impair their interests. The mere "suggestion" that a movant's "future" interests "may be impaired is too speculative to support intervention." *Meadowfield Apartments, Ltd. v. United States*, 261 F. App'x 195,

196 (11th Cir. 2008). And they have made no argument to rebut the presumption that Defendants will adequately protect their interests. *See Burke v. Ocwen Fin. Corp.*, 833 F. App'x 288, 293 (11th Cir. 2020). Furthermore, it is hard to imagine an adequate or appropriate interest that a political party might have in preventing people impacted by a natural disaster from registering to vote.

Neither is permissive intervention warranted, for all the reasons set out above, and for two additional reasons. First, permissive intervention would unduly delay and complicate straightforward litigation that requires expedited consideration. Injecting nonexistent partisan issues risks distracting from the core legal issues in this case and unnecessarily delaying its timely resolution. Second, permissive intervention would not aid the Court, and Party Organizations have not identified any grounds to the contrary.

For the reasons described above, Plaintiffs respectfully request that this Court deny the Party Organizations' motion to intervene.

Respectfully submitted, this 9th day of October 2024.

R. Gary Spencer (Ga. Bar No. 671905)
NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC.
260 Peachtree St. NW, Ste 2300
Atlanta, GA 30303
Telephone: (202) 216-5578
Fax: (202) 682-1312
gspencer@naacpldf.org

Brenda Wright**
Stuart Naifeh*
Amir Badat**
John S. Cusick**
NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, New York 10006
Telephone: (212) 965-2200
Facsimile: (212) 226-7592
bwright@naacpldf.org
snaifeh@naacpldf.org
abadat@naacpldf.org
jcusick@naacpldf.org

DeMetris Causer (Ga. Bar No. 347916)
NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC.
700 14th St. NW
Washington, D.C. 20005
Telephone: (646) 906-1344
Fax: (202) 682-1312
dcauser@naacpldf.org

**Attorneys on behalf of**: Georgia State
Conference of the NAACP and
Georgia Coalition for the People's
Agenda, Inc.

*/s/ Cory Isaacson*
Cory Isaacson (Ga. Bar No. 983797)
Caitlin May (Ga. Bar No. 602081)
Akiva Freidlin (Ga. Bar No. 692290)
ACLU FOUNDATION OF GEORGIA INC.
P.O. Box 570738
Atlanta, GA 30357
(678) 310-3699
cisaacson@acluga.org
cmay@acluga.org
afreidlin@acluga.org

Theresa J. Lee*
Sophia Lin Lakin*
Sara Worth*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
tlee@aclu.org
slakin@aclu.org
sw_vrp@aclu.org

Ezra D. Rosenberg*
Julie M. Houk**
Heather Szilagyi**
Grace Thomas**
erosenberg@lawyerscommittee.org
jhouk@lawyerscommittee.org
hszilagyi@lawyerscommitte.org
gthomas@lawyerscommittee.org
Lawyers' Committee for Civil Rights Under
Law 1500 K Street NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 662-8600
Facsimile: (202) 783-0857

Kristen A. Johnson**
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
Telephone: (212) 479-6695
Facsimile: (212) 479-6275
kjohnson@cooley.com

Maureen Alger**
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400
malger@cooley.com

**Attorneys on behalf of**: Georgia State Conference of the NAACP, Georgia Coalition for the People's Agenda, Inc., and New Georgia Project

*\* Motion for Admission Pro Hac Vice Forthcoming*
*\*\* Motion for Admission Pro Hac Vice Pending*