# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GEORGIA STATE CONFERENCE OF THE NAACP; GEORGIA COALITION FOR THE PEOPLE'S AGENDA, INC.; and NEW GEORGIA PROJECT, INC., <br><br>     Plaintiffs, <br><br>     v. <br><br>BRIAN KEMP, Governor of the State of Georgia, in his official capacity, and BRAD RAFFENSPERGER, Secretary of State of Georgia, in his official capacity, <br><br>     Defendants. | Civil Action No. 1:24-cv-04546-ELR |

## PLAINTIFFS' BRIEF REGARDING STANDING

In response to the Court's directions at the October 9, 2024 hearing on Plaintiffs' motion for a temporary restraining order to extend Georgia's voter registration deadline, Plaintiffs respectfully submit this brief regarding Plaintiffs' organizational and associational standing for the relief they seek.

The requirements to establish organizational standing are the same as those for individual standing—injury, causation, and redressability. *Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 393–94 (2024) ("*FDA*"). As the U.S. Supreme Court explained, an organizational plaintiff establishes injury when it shows that a defendant's "actions directly affected and interfered with [the plaintiff's] core

business activities." *Id*. at 395; *see also Namphy v. DeSantis*, 493 F. Supp. 3d 1130, 1139 (N.D. Fla. 2020) (finding standing for organizations challenging the Secretary of State's voter registration site crash and inadequate deadline extension because it "has effectively frustrated [the organizations'] efforts to register Florida voters").

Plaintiffs Georgia Coalition for the People's Agenda ("GCPA"), Georgia State Conference of the NAACP ("GA NAACP"), and New Georgia Project ("NGP") satisfy the requirements for organizational standing as set forth in *FDA*. Part of Plaintiffs' core mission and activities is to provide voting-related services and education to people throughout Georgia, including an emphasis on voter registration. [Decl. of Helen Butler ("Butler Decl."), attached hereto as Exhibit 1, ¶ 4; Decl. of Gerald Griggs ("Griggs Decl."), attached hereto as Exhibit 2, ¶ 4; Decl. of Francys Johnson ("Johnson Decl."), attached hereto as Exhibit 3, ¶ 13.]. The State has directly inhibited those core business activities and organizational missions by failing to extend Georgia's voter registration deadline in the wake of Hurricane Helene. Butler Decl. ¶ 4; Griggs Decl. ¶ 4; Johnson Decl. ¶ 13. Because the final week before the registration deadline is so important to Plaintiffs' voter registration activities, the lack of an exception in state law to extend the voter registration in light of a devasting natural disaster like Hurricane Helene's directly interfered with Plaintiffs' core activities. Consistent with final pushes during previous years, Plaintiff GCPA planned to make its final efforts to register new voters between

September 27 and October 7, in counties across the southern and eastern parts of the state, but Hurricane Helene significantly impaired, if not completely stopped, those activities. Butler Decl. ¶¶ 7, 10, 12–14. GCPA had to cancel voter registration events in at least Lowndes County, Augusta-Richmond County, and Liberty County, scheduled to take place between September 27 and October 7, including an event at Valdosta State University in Lowndes County. Butler Decl. ¶ 11. GCPA diverted staff time to investigating which election offices were closed and for how long.

Plaintiff GA NAACP similarly had planned several local voter registration drives, particularly in Valdosta, Lowndes County, and Augusta-Richmond County, but was forced to cancel at least ten of these events, too. Griggs Decl. ¶¶ 15–16. All GA NAACP branches were closed between September 27, 2024, and October 4, 2024, as a result of the hurricane, and the Augusta-Richmond County and Coffee County branches were still closed as of October 7. *Id.* ¶ 17.

Plaintiff NGP was forced to cancel several door-to-door canvassing voter registration shifts targeting Black residents in Lowndes and Augusta-Richmond counties from October 4 to October 7. Johnson Decl. ¶ 11. NGP's Augusta office in Augusta-Richmond County remained closed as of October 7, 2024. *Id*. ¶ 12. NGP was unable to coordinate with the Augusta-Richmond County Board of Elections office from September 27, 2024, at least through October 6, 2024, because the office was closed. *Id*. ¶ 15. NGP's Augusta-Richmond office did not report supporting any

3

Georgian in registering to vote or any NGP volunteer completing a canvassing shift during the last week of voter registration. *Id.* ¶ 13.

In contrast to *FDA*, this is not a situation where the Plaintiffs' injuries consist of the expenditure of resources on advocacy activities. Rather, they suffered an impairment of activities planned long before the Descendants implemented their policy of refusing to extend the registration deadline in the face of an unprecedented disruption of governmental functions, including voter registration. Because Defendants' failure to extend the voter registration deadline "directly affected and interfered" with Plaintiff organizations' "core business activities" of registering voters, *FDA*, 602 U.S. at 395, Plaintiffs establish beyond doubt their organizational standing to challenge the enforcement of Georgia's October 7 registration deadline.

Plaintiffs GCPA and Georgia NAACP also have associational standing. Organizations have associational standing when their members "would otherwise have standing to sue in their own right, the interests at stake are germane to the organization's purpose, and neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 181 (2000). As demonstrated, "the interests of voters in being able to register are clearly germane to plaintiffs' purposes." *Fla. State Conf. of N.A.A.C.P. v. Browning*, 522 F.3d 1153, 1160 (11th Cir. 2008). Likewise, "when the relief sought is injunctive, individual

participation of the organization's members is 'not normally necessary.'" *Id.* Each of these organizations has members across Georgia, including in the southern and eastern parts of the state, which were drastically affected by Hurricane Helene. Butler Decl. ¶ 5; Griggs Decl. ¶¶ 6–9. Large organizations with members across a state, like Plaintiffs here, have standing on behalf of their members when there is a widespread harm. *Ala. Legis. Black Caucus v. Alabama*, 575 U.S. 254, 269–70 (2015) (accepting testimony that an organization had members statewide as sufficient to confer standing); *Arcia v. Fla. Sec'y of State*, 772 F.3d 1335, 1342 (11th Cir. 2014) (accepting testimony that the organizational plaintiffs represent a large number of people as sufficient to confer standing). And the Eleventh Circuit has recently re-established that membership organizations are not required to provide the names of their affected members to establish associational standing. *See Am. All. for Equal Rts. v. Fearless Fund Mgmt., LLC*, 103 F.4th 765, 773 (11th Cir. 2024).

## CONCLUSION

For the foregoing reasons, this Court should grant preliminary injunctive relief to extend the voter registration deadline to and including October 14, 2024, or such other and further relief that the Court deems just and proper.

Respectfully submitted, this 9th day of October 2024.

/s/ *Cory Isaacson*

R. Gary Spencer (Ga. Bar No. 671905)
NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC.
260 Peachtree St. NW, Ste 2300
Atlanta, GA 30303
Telephone: (202) 216-5578
Fax: (202) 682-1312
gspencer@naacpldf.org

Brenda Wright***
Stuart Naifeh*
Amir Badat***
John S. Cusick***
NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, New York 10006
Telephone: (212) 965-2200
Facsimile: (212) 226-7592
bwright@naacpldf.org
snaifeh@naacpldf.org
abadat@naacpldf.org
jcusick@naacpldf.org

DeMetris Causer (Ga. Bar No. 347916)
NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC.
700 14th St. NW
Washington, D.C. 20005
Telephone: (646) 906-1344
Fax: (202) 682-1312
dcauser@naacpldf.org

**Attorneys on behalf of**: Georgia State Conference of the NAACP and Georgia Coalition for the People's Agenda, Inc.

Cory Isaacson (Ga. Bar No. 983797)
Caitlin May (Ga. Bar No. 602081)
Akiva Freidlin (Ga. Bar No. 692290)
ACLU FOUNDATION OF GEORGIA INC.
P.O. Box 570738
Atlanta, GA 30357
(678) 310-3699
cisaacson@acluga.org
cmay@acluga.org
afreidlin@acluga.org

Theresa J. Lee*
Sophia Lin Lakin*
Sara Worth*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
tlee@aclu.org
slakin@aclu.org
sw_vrp@aclu.org

Ezra D. Rosenberg*
Julie M. Houk***
Heather Szilagyi***
Grace Thomas***
erosenberg@lawyerscommittee.org
jhouk@lawyerscommittee.org
hszilagyi@lawyerscommitte.org
gthomas@lawyerscommittee.org
Lawyers' Committee for Civil Rights Under Law 1500 K Street NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 662-8600
Facsimile: (202) 783-0857

Kristen A. Johnson**
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
Telephone: (212) 479-6695
Facsimile: (212) 479-6275
kjohnson@cooley.com

Maureen Alger***
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400
malger@cooley.com

**Attorneys on behalf of**: Georgia State Conference of the NAACP, Georgia Coalition for the People's Agenda, Inc., and New Georgia Project

*Motion for Admission Pro Hac Vice Forthcoming*
**Motion for Admission Pro Hac Vice Pending*
***Motion for Admission Pro Hac Vice Granted*