IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GEORGIA STATE CONFERENCE OF THE NAACP; GEORGIA COALITION FOR THE PEOPLE'S AGENDA, INC.; and NEW GEORGIA PROJECT, INC.,<br><br>*Plaintiffs,*<br><br>v.<br><br>BRIAN KEMP, Governor of the State of Georgia, in his official capacity, and BRAD RAFFENSPERGER, Secretary of State of Georgia, in his official capacity,<br><br>*Defendants,*<br><br>REPUBLICAN NATIONAL COMMITTEE and GEORGIA REPUBLICAN PARTY, INC.,<br><br>*Intervenor-Defendants.* | Civil Action File No.:<br>1:24-cv-45461-ELR |

**DEFENDANTS' BRIEF ADDRESSING STANDING IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

Article III limits federal courts to the consideration of "Cases" and "Controversies." U.S. Const. Art. III, § 2, cl. 1. The standing doctrine "is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). To satisfy the

standing inquiry, the plaintiff "must prove (1) an injury in fact that (2) is fairly traceable to the challenged action of the defendant and (3) is likely to be redressed by a favorable decision." *Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1245 (11th Cir. 2020) (citing *Lujan*, 504 U.S. at 561). The party invoking federal jurisdiction bears the burden of establishing standing at each phase of the litigation. *See Lujan*, 504 U.S. at 561, 570 n.5.

The Complaint does not set forth allegations sufficient to show that Plaintiffs have either organizational or associational standing.

First, Plaintiffs have not alleged that any injuries they have suffered are fairly traceable to the Governor or Secretary or are redressable by relief against them. With respect to Governor Kemp, the Governor lacks any authority to extend the deadline for voter registration. Governor Kemp is the chief executive power of the State of Georgia, *see* Ga. Const. art. 5, § 2, and possesses general emergency management powers, *see* Ga. Code Ann. § 38-3-51. But no statute endows the Governor the specific power to extend voter registration deadlines. General emergency management powers do not authorize him to do so, and therefore he is not a proper party to this action. *See Fla. Democratic Party v. Scott*, 215 F. Supp. 3d 1250, 1255 (N.D. Fla. 2016) (dismissing Florida governor from case seeking extension of voter registration deadline). Any alleged injury is therefore not fairly traceable to Governor Kemp, nor would

declaratory or injunctive relief against him redress Plaintiffs' alleged injuries, since he lacks the power to grant an extension. *Cf. id.*; *see also Jacobson*, 974 F.3d at 1253.

With respect to Secretary Raffensperger, Plaintiffs face a similar problem. Plaintiffs must allege that their injuries are "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Jacobson*, 974 F.3d at 1253 (quoting *Lujan*, 504 U.S. at 560). As chief election official, the Secretary has the power to "postpone or extend the qualifying periods provided in this chapter for the qualification of candidates . . . and to postpone the date of any primary, special primary, election, or special election" should the Governor declare a state of emergency. O.C.G.A. § 21-2-50.1. But as the *Scott* court recognized, the power to delay an election in the event of an emergency does not equate to the power to extend voter registration deadlines. *See* 215 F. Supp. 3d at 1255 (governor's authority to "suspend or delay any election" did not mean governor was "authorized to extend the voter registration"). Georgia law tasks the board of registrars and county registrars with the authority to determine whether voter registration locations and extended hours are required. *See* O.C.G.A. § 21-2-215. Plaintiffs thus cannot meet Article III's traceability requirement because they do not allege that any inaction of the Secretary caused their alleged harm.

3

Second, even if Defendants could extend the voter registration deadline, Plaintiffs' alleged injuries for the purposes of organizational standing do not meet Article III's causation requirement. "[T]o establish causation, the plaintiff must show a predictable chain of events leading from the government action to the asserted injury—in other words, that the government action has caused or likely will cause injury in fact to the plaintiff." *FDA v. Alliance for Hippocratic Medicine*, 602 U.S. 367, 385 (2024). Plaintiffs allege that they have had to close their offices and therefore forgo conducting voter registration activity, *see* Compl. ¶¶ 12, 25, cancel voter registration events, *see id.* ¶ 13, cancel canvassing efforts, *see id.*, and stop collecting and submitting voter registration forms, *see id.* ¶ 21. But these actions are directly traceable to Hurricane Helene, a force entirely outside Defendants' control. To the extent that any of the closures of the county offices were caused by the Governor declaring a state of emergency, that too would be insufficient. Plaintiffs must show that their injuries are traceable to the alleged wrongdoing—maintaining the original registration deadline—not the state of emergency.

Third, Plaintiffs have not met the requirements for associational standing. To establish associational standing, the Supreme Court has held that—at a minimum—"plaintiff-organizations [must] make *specific allegations* establishing that at least one identified member [has] suffered or [will] suffer

4

harm." *Summers v. Earth Island Institute*, 555 U.S. 488, 498 (2009) (emphasis added); *Am. All. for Equal Rts. v. Fearless Fund Mgmt., LLC*, 103 F.4th 765, 771 (11th Cir. 2024). The Complaint alleges that "massive and widespread disruptions and devastation *likely* prevented tens of thousands of Georgia residents from timely registering to vote," Compl. ¶ 5 (emphasis added), and "that thousands of prospective voters across the state would have likely registered to vote but for the damage caused by Hurricane Helene," *id.* ¶ 64. But it does not contain specific allegations that any member was prevented from registering. Plaintiffs therefore cannot show that they have standing to sue on behalf of their members because they have not alleged that any member would have standing to sue in their own right. *See Fearless*, 103 F.4th at 771.

Respectfully submit this 10th day of October, 2024.

| | |
|---|---|
| CHRISTOPHER M. CARR<br>Attorney General | 112505 |
| BRYAN K. WEBB<br>Deputy Attorney General | 743580 |
| */s/ Elizabeth T. Young*<br>ELIZABETH T. YOUNG<br>Senior Assistant Attorney General | 707725 |
| */s/ Alexandra M. Noonan*<br>ALEXANDRA M. NOONAN<br>Assistant Attorney General | 733236 |

*Counsel for Defendants Brian Kemp and Brad Raffensperger*

5

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing has been prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(C).

<u>*/s/ Alexandra M. Noonan*</u>
ALEXANDRA M. NOONAN    733236
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing **DEFENDANTS' BRIEF ADDRESSING STANDING IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all counsel of record.

This 10th day of October, 2024.

*/s/ Alexandra M. Noonan*
ALEXANDRA M. NOONAN       733236
Assistant Attorney General