**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

GEORGIA STATE CONFERENCE OF THE NAACP; GEORGIA COALITION FOR THE PEOPLE'S AGENDA, INC.; and NEW GEORGIA PROJECT, INC.,

*Plaintiffs*,

v.

BRIAN KEMP, Governor of the State of Georgia, in his official capacity, and BRAD RAFFENSPERGER, Secretary of State of Georgia, in his official capacity,

*Defendants*,

REPUBLICAN NATIONAL COMMITTEE and GEORGIA REPUBLICAN PARTY, INC.

*Intervenor-Defendants*.

Case No: 1:24-cv-04546-ELR

**INTERVENORS' BRIEF ON PLAINTIFFS' STANDING**

Thomas R. McCarthy*
Gilbert C. Dickey*
Conor D. Woodfin*
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd.,
Ste. 700
Arlington, VA 22209
(703) 243-9423

*pro hac vice* forthcoming

William Bradley Carver, Sr.
HALL BOOTH SMITH, P.C.
191 Peachtree Street NE
Ste. 2900
Atlanta, GA 30303
(404) 954-5000

Baxter D. Drennon
HALL BOOTH SMITH, P.C.
200 River Market Avenue
Ste. 500
Little Rock, AR 72201
(501) 319-6996

At the hearing on October 9, 2024, the Court denied the Plaintiffs' motion for a temporary restraining order, scheduled a preliminary injunction hearing for October 10, and directed the Defendants to file five-page briefs that address Plaintiffs' standing. *See* Minute Order (Oct. 10, 2024). This brief addresses Plaintiffs' standing to obtain relief from the State Defendants. For the reasons below, the Court should deny the preliminary injunction motion.

Plaintiffs have not established that their injuries are traceable to the Defendants or redressable by an order enjoining Defendants. Article III requires a plaintiff to show injury, causation, and redressability. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). Even assuming that the Plaintiffs suffer an injury in fact, they have not established that those injuries are traceable to the Governor and Secretary, or that those injuries would be redressed by an order enjoining those Defendants. *See City of S. Miami v. Governor*, 65 F.4th 631, 640 (11th Cir. 2023).

The Plaintiffs recognize throughout their motion that county registrars and boards of elections are responsible for conducting voter registration. They "rel[y] on county boards of registrars" to conduct their voter-registration activities. TRO Br. (Doc. 2-1) at 9. They "coordinate with county registrar offices in order to conduct [their] voter registration activities," and they complain that they were "unable to coordinate with the Augusta-Richmond County Board of Elections office" because it was closed. TRO Br. 10. In fact, their chief

complaint is that they were unable to conduct their typical registration activities because "thirty-seven county election boards were closed for some period of time" due to the hurricane. TRO Br. 6. And they admit that Georgia law requires that "[a]ny person desiring to register as an elector shall apply to do so by making application to a registrar or deputy registrar of such person's county of residence." O.C.G.A. §21-2-220(a).

But the Plaintiffs didn't sue any of these entities responsible for conducting voter registration. Instead, they sued the Governor because he has "emergency powers under Georgia state law." Compl. (Doc. 1) ¶26. And they sued the Secretary because he "issues guidance to the county election officials" and maintains the voter rolls. Compl. ¶27. But the Plaintiffs don't attempt to connect these powers with the actual duties of registering voters.

The Plaintiffs' failure to sue those who are responsible for the conduct they complain of is fatal to their claims. To start, "the Secretary's position as 'the chief election officer of the state,' with 'general supervision and administration of the election laws,' does not make" election laws traceable to him by default. *Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1254 (11th Cir. 2020) (citations omitted); *see also Ga. Republican Party, Inc. v. Sec'y of State for Ga.*, No. 20-14741, 2020 WL 7488181, at *3 (11th Cir. Dec. 21, 2020). And this Court recently held that state defendants' "general rulemaking authority" is not "sufficient to establish traceability" to lower-level officials who enforce the law.

*Int'l All. of Theater Stage Emps. v. Fervier*, Doc. 97 at 8, No. 1:23-cv-4929 (N.D.G.A. June 13, 2024) (granting motion to dismiss State Election Board members from lawsuit seeking to extend the absentee-application deadline because they were "wholly removed from the process of accepting or rejecting absentee ballot applications").

Courts "easily conclude[] that as to County Defendants, Plaintiffs have met their burden to show traceability and redressability" for enforcement of election laws. *In re Ga. Senate Bill 202*, No. 1:21-cv-1259, 2023 WL 5334582, at *6 (N.D. Ga. Aug. 18, 2023). That's because county election officials are the ones who actually process election papers like ballots, registration, and applications. But higher level state officials like the "Secretary of State" who "can ensure statewide compliance" are "removed from the process" of handling those papers. *Id.* And that means that any injury regarding those processes is not "traceable to that office or to other State Defendants." *Id.*

The Plaintiffs' alleged injuries are also not redressable by the relief they request. "Simply put, an order against State Defendants … does not bind the county election officials, who are not parties to this action." *Int'l All. of Theater Stage Emps.*, Doc. 97 at 14, No. 1:23-cv-4929. Arguably, the only relief traceable and redressable would be the Secretary's duties to maintain the online voter-registration portal. *See* O.C.G.A. §21-2-221.2. But that's where Plaintiffs' evidence is at its weakest. They claim only that the website was "experiencing

persistent glitches" on October 7, and that "[u]ndersigned counsel have also received multiple reports of voters experiencing difficulty using the Secretary of State's online voter registration platform." TRO Br. 1. Even if this Court could enter a limited order directing the Secretary to open up the website, Plaintiffs don't explain how that would remedy the Plaintiffs' primary concerns about not being able to conduct "planned voter registration activities" in specific areas. TRO Br. 8. Their injuries are neither traceable nor redressable, so the Plaintiffs lack standing.

The Plaintiffs might respond that it would be unreasonable to require them to sue all counties or registrars. But they don't need to. This Court has rejected the argument that redressability means "that Plaintiffs should have sued all one hundred and fifty-nine (159) counties in Georgia." *New Ga. Project v. Raffensperger*, 484 F. Supp. 3d 1265, 1285 (N.D. Ga. 2020). In *NGP*, the plaintiffs sued seventeen counties, plus the Secretary and others responsible for enforcing the State's absentee-ballot deadline. That was enough to show redressability, because the Court could enjoin those responsible for *enforcing* the deadline, and then the "Secretary of State and the State Election Board" were appropriate defendants "to ensure the uniformity in the administration of election laws" for the remaining counties "to fully redress Plaintiffs' injuries statewide." *Id.* at 1286 & n.16. But the Plaintiffs here haven't sued even a

single registrar. Their failure to seek relief from those who conduct voter registration requires denying their preliminary injunction motion.

Dated: October 10, 2024

Respectfully submitted,

/s/ William Bradley Carver, Sr.

William Bradley Carver, Sr.
Georgia Bar No. 115529
HALL BOOTH SMITH, P.C.
191 Peachtree Street NE
Suite 2900
Atlanta, GA 30303
(404) 954-5000
BCarver@hallboothsmith.com

Baxter D. Drennon
Georgia Bar No. 241446
HALL BOOTH SMITH, P.C.
200 River Market Avenue
Suite 500
Little Rock, AR 72201
(501) 319-6996
BDrennon@hallboothsmith.com

Thomas R. McCarthy*
Gilbert C. Dickey*
Conor D. Woodfin*
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
tom@consovoymccarthy.com
gilbert@consovoymccarthy.com
conor@consovoymccarthy.com

**pro hac vice* forthcoming

*Counsel for Intervenor-Defendants*
*The Republican National Committee and Georgia Republican Party, Inc.*

**CERTIFICATE OF COMPLIANCE**

This document complies with Local Rule 5.1(B) because it uses 13 point Century Schoolbook font.

*/s/ William Bradley Carver Sr.*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on October 10, 2024, the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system, which will also send a notice of electronic filing to all counsel of record. Those parties who have not yet appeared will be served via email.

*/s/ William Bradley Carver Sr.*