# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GEORGIA STATE CONFERENCE OF THE NAACP; GEORGIA COALITION FOR THE PEOPLE'S AGENDA, INC.; and NEW GEORGIA PROJECT, INC., <br> *Plaintiffs*, <br><br> v. <br><br> BRIAN KEMP, Governor of the State of Georgia, in his official capacity, and BRAD RAFFENSPERGER, Secretary of State of Georgia, in his official capacity, <br> *Defendants*, <br><br> REPUBLICAN NATIONAL COMMITTEE and GEORGIA REPUBLICAN PARTY, INC. <br> *Intervenor-Defendants*. | Case No: 1:24-cv-04546-ELR |

## INTERVENORS' BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Thomas R. McCarthy\*
Gilbert C. Dickey\*
Conor D. Woodfin\*
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd.,
Ste. 700
Arlington, VA 22209
(703) 243-9423

\**pro hac vice* forthcoming

William Bradley Carver, Sr.
HALL BOOTH SMITH, P.C.
191 Peachtree Street NE
Ste. 2900
Atlanta, GA 30303
(404) 954-5000

Baxter D. Drennon
HALL BOOTH SMITH, P.C.
200 River Market Avenue
Ste. 500
Little Rock, AR 72201
(501) 319-6996

At the hearing on October 9, 2024, the Court denied the Plaintiffs' motion for a temporary restraining order, scheduled a preliminary injunction hearing for October 10, and directed the Defendants to file briefs responding to the Plaintiffs' motion. *See* Minute Order (Oct. 10, 2024). In compliance with that order, the Intervenors filed a separate response addressing standing. This brief provides three additional reasons the Court should deny the preliminary injunction motion.

As an initial matter, the Court can "defer[] consideration of standing" if it finds that "Plaintiffs have failed to demonstrate they are entitled to a preliminary injunction" on the merits. *Donald J. Trump for President, Inc. v. Way*, 492 F. Supp. 3d 354, 365 (D.N.J. 2020). "A district court has jurisdiction to decide its jurisdiction, so it can address a motion for a preliminary injunction without making a conclusive decision about whether it has subject matter jurisdiction." *Simic v. City of Chicago*, 851 F.3d 734, 738 (7th Cir. 2017). And because the merits are clear-cut in Defendants' favor, that is the simplest path to denying the preliminary injunction.

### I. The Plaintiffs fail to establish an *Anderson-Burdick* violation.

The Plaintiffs' *Anderson-Burdick* claim fails to account for the months of registration opportunities available to Georgia voters. "Georgia has provided numerous avenues" for voter registration. *New Ga. Project v. Raffensperger*,

1

976 F.3d 1278, 1281 (11th Cir. 2020). They can register in person, online, by mail, through various state agencies, and by federal postcard. O.C.G.A. §21-2-220. And unlike the limited windows for voting or requesting absentee ballots, *cf. NGP*, 976 F.3d at 1281, the window to *register* to vote extends back indefinitely—for this presidential election, voters could have registered at any time over the past months or years. The Plaintiffs provide no evidence explaining why any of their members or voters "were prevented from registering to vote" during that time. TRO Br. (Doc. 2-1) at 14.

In addition, the registration deadline is "both reasonable and nondiscriminatory." *NGP*, 976 F.3d at 1280. Every election law "will invariably impose some burden upon individual voters." *Burdick v. Takushi*, 504 U.S. 428, 433 (1992). But a deadline that voters have known about for months is neither unreasonable nor difficult to meet. And although the Plaintiffs don't argue discrimination outright, they claim that denying their motion will affect "disproportionately large populations of Black voters." TRO Br. 1. At most, that's a claim about the disparate impact of the hurricane. But the Plaintiffs don't claim that the neutral registration deadline—adopted well before this hurricane was even foreseeable—is discriminatory. *Cf. NGP*, 976 F.3d at 1280-81.

The Plaintiffs' *Anderson-Burdick* claim also improperly focuses on the burdens of specific voters in light of their circumstances, and not the burden on the voting process itself. But the *Anderson-Burdick* analysis does not focus

2

on "the peculiar circumstances of individual voters." *Crawford v. Marion Cty. Election Bd.*, 553 U.S. 181, 206 (2008) (Scalia, J., concurring). Said differently, any burden that marginal voters face is caused by the hurricane, not by the deadline.

Finally, the State has "strong" and "important" interests in "conducting an efficient election, maintaining order, quickly certifying election results, and preventing voter fraud." *NGP*, 976 F.3d at 1282. These interests are "enough" to justify ordinary deadlines, even in an emergency. *Id.*

## II. The Plaintiffs don't even allege that the State violated the NVRA's 30-day deadline.

The Plaintiffs admit that "[t]he State has set a voter registration deadline that facially complies" with the NVRA's 30-day registration deadline. TRO Br. 16. But they suggest that the Court should alter the statute to read "the lesser of 23 days" when a hurricane hits. Their only argument is that the policy decision not to extend the deadline is "inconsistent" with the "purpose of the NVRA" to increase voter registration rates. TRO Br. 17. But "unambiguous language in a statute is more than mere evidence of what Congress intended the law to be—it is the law." *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration All.*, 304 F.3d 1076, 1087 (11th Cir. 2002) (collecting Supreme Court cases).

3

Plaintiffs rely primarily on legislative history. *See* TRO Br. 17-18. But "[w]hen the import of words Congress has used is clear," as Plaintiffs admit, courts "need not resort to legislative history, and [they] certainly should not do so to undermine the plain meaning of the statutory language." *CBS Inc. v. PrimeTime 24 Joint Venture*, 245 F.3d 1217, 1222 (11th Cir. 2001) (cleaned up). Finally, Plaintiffs ignore that another express purpose of the NVRA is to "protect the integrity of the electoral process," 52 U.S.C. §20501(b)(3), which is undermined by late-breaking court orders overriding the policy judgments of state election officials. They make no attempt to reconcile their claims with that purpose.

At bottom, the Plaintiffs don't allege a violation of the NVRA. They allege a violation of vague policy standards that they would prefer this Court to enforce over the text of the statute.

### III. The *Purcell* doctrine prohibits reopening voter registration period this close to the election.

The Eleventh Circuit held that emergencies such as "COVID-19" have "not put any gloss on the Constitution's demand that States—not federal courts—are in charge of setting those rules." *NGP*, 976 F.3d at 1284. The Supreme Court consistently reaffirmed that rule during the 2020 election cycle. *See id.* at 1283 (collecting cases). Even "innocuous" injunctions implicate Purcell and can "cause unanticipated consequences." *DNC v. Wis. State Leg.*, 141

4

S. Ct. 28, 31 (2020) (Kavanaugh, J., concurring). And orders that implicate voter registration and "require the state to take action now" violate *Purcell*. *League of Women Voters of Fla., Inc. v. Fla. Sec'y of State*, 32 F.4th 1363, 1371 (11th Cir. 2022). *Purcell*'s cautions about voter confusion, federalism, and policy decisions are at their apex in emergencies, where state policymakers must have leeway to respond to rapidly developing circumstances. The *Purcell* principle alone is sufficient to deny the preliminary injunction motion.

\*   \*   \*

Yesterday, the Northern District of Florida denied a nearly identical demand by plaintiffs to extend the voter registration deadline because of Hurricane Helene. *See League of Women Voters of Fla., Inc. v. DeSantis*, Doc. 21, No. 4:24-cv-412 (N.D. Fla. October 9, 2024). Like this case, *League of Women Voters* raised an *Anderson-Burdick* claim, arguing that the hurricane results in an undue burden on voters. The district court swiftly rejected that extraordinary request for relief. This Court should, too.

Dated: October 10, 2024							Respectfully submitted,

							/s/ William Bradley Carver, Sr.

| | |
|---|---|
| Thomas R. McCarthy* | William Bradley Carver, Sr. |
| Gilbert C. Dickey* | Georgia Bar No. 115529 |
| Conor D. Woodfin* | HALL BOOTH SMITH, P.C. |
| CONSOVOY MCCARTHY PLLC | 191 Peachtree Street NE |
| 1600 Wilson Blvd., Ste. 700 | Suite 2900 |
| Arlington, VA 22209 | Atlanta, GA 30303 |
| (703) 243-9423 | (404) 954-5000 |
| tom@consovoymccarthy.com | BCarver@hallboothsmith.com |
| gilbert@consovoymccarthy.com | |
| conor@consovoymccarthy.com | Baxter D. Drennon |
| | Georgia Bar No. 241446 |
| | HALL BOOTH SMITH, P.C. |
| *pro hac vice forthcoming | 200 River Market Avenue |
| | Suite 500 |
| | Little Rock, AR 72201 |
| | (501) 319-6996 |
| | BDrennon@hallboothsmith.com |

*Counsel for Intervenor-Defendants*
*The Republican National Committee and Georgia Republican Party, Inc.*

6

## CERTIFICATE OF COMPLIANCE

This document complies with Local Rule 5.1(B) because it uses 13 point Century Schoolbook font.

<i><u>/s/ William Bradley Carver Sr.</u></i>

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 10, 2024, the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system, which will also send a notice of electronic filing to all counsel of record. Those parties who have not yet appeared will be served via email.

<i><u>/s/ William Bradley Carver Sr.</u></i>